UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE:

                                Civ. No.: 1:17-cv-09985-NLH

JOY R. DENBY-PETERSON,

        Appellant

REPLY BRIEF OF APPELLANT JOY R. DENBY-PETERSON

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.      CREDITORS' CLAIM THAT THEY WERE NOT REQUIRED TO TURN OVER THE VEHICLE BECAUSE MS. DENBY-PETERSON DID NOT PROVIDE PROOF OF INSURANCE IS A RED HERRING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.     THAT THE DEBTOR COULD NOT HAVE WAIVED HER RIGHT TO REDEEM THE VEHICLE WAS EVIDENT AS OF THE DATE OF THE BANKRUPTCY FILING. . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.    THAT THE BANRUPTCY COURT DID NOT SPECIFICALLY STATE THAT CREDITORS COMMITTED PERJURY IS NOT DISPOSITIVE OF WHETHER THEY MANUFACTURED DOCUMENTS OR LIED UNDER OATH. . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

**Cases**

In re Cowen, 849 F.3d 943 (10th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**REPLY BRIEF OF APPELLANT JOY R. DENBY-PETERSON**

Debtor Joy Denby-Peterson hereby submits this Brief in Reply to Appellees' Brief on Appeal, and states as follows:

Creditors Pine Valley Motors and Nu2u Auto World ("Creditors") advance two main arguments in their appellate brief. First, they assert that the Bankruptcy Court's ruling that they did not violate the automatic stay was correct because Ms. Denby-Peterson never produced proof of insurance. Second, they claim that the Bankruptcy Court was correct because Ms. Denby-Peterson's interest in the repossessed vehicle was "unknown" as of the date of the bankruptcy petition. Both arguments lack merit.

**I.    CREDITORS' CLAIM THAT THEY WERE NOT REQUIRED TO TURN OVER THE VEHICLE BECAUSE MS. DENBY-PETERSON DID NOT PROVIDE PROOF OF INSURANCE IS A RED HERRING.**

As set forth in Appellant's opening brief on appeal, the majority rule requires that a creditor turn over property of the estate upon receiving notice of a bankruptcy filing. Only then may it request adequate protection. If such adequate protection is not forthcoming, then a creditor may petition the Court for adequate protection or for relief from the automatic stay to repossess the property in which it has an interest.

Here, the Creditors refused to turn over her Vehicle ("Vehicle") upon Ms. Denby-Peterson's demand, which included proof of the bankruptcy filing, forcing Ms. Denby-Peterson to file a motion for turnover (the "Motion"). Even after being served with the Motion, the Creditors continued to refuse to return the Vehicle, instead filing an answer to the Motion that asserted that Ms. Denby-Peterson had no valid claim to the Vehicle. In their response to the Motion, the Creditors' arguments centered almost entirely on their claim that Ms. Denby-Peterson had not

1

registered the Vehicle and had voluntarily surrendered her rights to the Vehicle, only mentioning as an afterthought that "Debtor has not presented proof to NU2U Autos the vehicle is currently insured." Appendix A-43. Based on those pleadings and a brief hearing at which the Court heard oral argument, the Bankruptcy Court scheduled a plenary hearing to determine whether the Debtor had an ownership interest in the Vehicle.

The Creditors never requested proof of insurance again until shortly before the plenary hearing, five months later, when they served a trial subpoena on Ms. Denby-Peterson asking for a "current insurance policy including declaration sheet" for the Vehicle. By that time, Ms. Denby-Peterson had let the insurance lapse since she had not had possession of the Vehicle for six months. She did testify, however, that at the time of the bankruptcy filing she gave proof of insurance to her attorneys, Appendix A-112-113, and that she only let the insurance policy lapse after she lost her income as she no longer had a vehicle to drive to her job appointments. Appendix A-113.

The aforedescribed facts demonstrate that the Creditors' argument that the Bankruptcy Court was correct in finding that they did not violate the automatic stay because there was no proof of insurance is a red herring. The Creditors' primary contention was not lack of adequate protection, it was that Ms. Denby-Peterson did not own the Vehicle. They refused to return the Vehicle to her because they claimed she had given up her rights to it, and for no other reason.

Importantly, had lack of insurance been the issue, the Creditors could have simply asked for proof of insurance when Ms. Denby-Peterson demanded they turn over the Vehicle. Ms. Denby-Peterson would obviously have provided proof of such insurance as she testified under oath that she had this insurance at the time of the filing, and then there would have been no legal battle and no plenary hearing. That the Creditors failed to do so speaks volumes about their true intention

here, which was to extinguish Ms. Denby-Peterson's rights to the Vehicle altogether through their false claim that she signed a legally effective Waiver.

As a result of the foregoing, this Court should reject the Creditors' argument that they were justified in withholding the Vehicle from Ms. Denby-Peterson because she did not provide proof of insurance.

## II. THAT THE DEBTOR COULD NOT HAVE WAIVED HER RIGHT TO REDEEM THE VEHICLE WAS EVIDENT AS OF THE DATE OF THE BANKRUPTCY FILING.

The Creditors' argument that the Debtor's "true interest" in the Vehicle was unknown at the time of the bankruptcy filing also lacks merit. The Creditors' principal argument was that Ms. Denby-Peterson no longer had any interest in the Vehicle because of the Waiver document. The Bankruptcy Court correctly found that the Waiver document was unenforceable as a matter of law. The Court's analysis was not aided by any testimony or other evidence presented at the plenary hearing. It was based solely on New Jersey law, which provides that a purchaser of goods that are intended for consumer purposes may not waive her right to redeem such goods.[1] Since the determination that the Waiver was ineffective was a legal conclusion that was readily ascertainable by reviewing the motion papers, it is simply not true that the Debtor's "true interest" in the Vehicle was unknown when she sought turnover of the Vehicle. Under the law, Ms. Denby-Peterson could not have waived her interest in it, and accordingly, it was perfectly clear when she filed her bankruptcy case that she had, at bare minimum, an equitable interest in the Vehicle, requiring the Creditors to turn it over under the applicable provisions of the Bankruptcy Code.

---

[1] The Court did rely on the Retail Installment Contract for the Vehicle in reaching its decision insofar as that document stated that the sale of the Vehicle was for consumer purposes, but that document was attached as Exhibit A to Creditors' Answer to the Motion for Turnover; thus there was no need for a plenary hearing to determine that the Waiver was ineffective as a matter of law. Appendix A-42-49.

3

Since the determination of Ms. Denby-Peterson's interest in the Vehicle was based on the law, not any dispute of fact, there is no question but that such interest was undeniably evident at the time of the bankruptcy filing. That the Creditors failed to recognize, or appreciate, the law as it applies to a debtor's ability to waive her right of redemption, is of no moment. They nevertheless violated the automatic stay when they failed to turn over the Vehicle and sanctions must be imposed.

### III. THAT THE BANRUPTCY COURT DID NOT SPECIFICALLY STATE THAT CREDITORS COMMITTED PERJURY IS NOT DISPOSITIVE OF WHETHER THEY MANUFACTURED DOCUMENTS OR LIED UNDER OATH

The Creditors are correct that the Bankruptcy Court never stated in its decision that the Creditors committed perjury. However, the Bankruptcy Court certainly found that the Creditors testified untruthfully and cast grave doubt on the veracity of the Waiver. Specifically:

- Nu2u's principal, Anthony Pinto, "prevaricated" on the witness stand in his testimony asserting that Ms. Denby-Peterson signed the Waiver Document on February 22, 2017. (Opinion at 7, Appendix A-63).

- Both Kenneth Cohen and Anthony Pinto testified untruthfully when they said the Vehicle was repossessed on February 19, 2017. Kenneth Cohen believed that Nu2u could sell the Vehicle 30 days after it was repossessed. (8/17/2017 Hearing Transcript at 36, Appendix A- 267). This misunderstanding of the law by Mr. Cohen gave him reason to "backdate" the repossession to February 19, 2017, since that date was 30 days before the bankruptcy filing of March 21, 2017.

- Mr. Pinto testified "inconsistently" about whether Nu2u had returned the personal property in the Vehicle at the time it was repossessed to Ms. Denby-Peterson. Id. Moreover, the Bankruptcy Court stated that it "can believe that the Creditors would act vengefully toward the Debtor" and withhold her personal property from her even after they were ordered to turn it over. (Opinion at 16, Appendix A-72).

- The Bankruptcy Court also found that, contrary to Nu2u's principals' testimony, There was "no credible evidence" to support Nu2u's position that they returned Ms. Denby-Peterson's personal property to her, and that those individuals "completely lack[ed] credibility" on that point. Id.

4

- The Bankruptcy Court noted that Nu2u showed "a lack of candor to the court and the Debtor" when it allowed the Debtor to waste time and money on a trip to their facility to recover her personal property when they subsequently took the position that they were not in possession of it. (Opinion at 6, fn 7, Appendix A-62).

These facts and findings made by Judge Altenburg, the trier of fact in this case, show that the Creditors were untruthful and used unfair and improper means to seek to extinguish Ms. Denby-Peterson's right to her Vehicle and her personal property. As set forth in the opinion relied upon by the Bankruptcy Court, In re Cowen, 849 F.3d 943 (10th Cir. 2017), this "manufacturing" of evidence and perjury is enough to establish an affirmative "act" after the filing of the bankruptcy case that constituted a violation of the automatic stay. Accordingly, this matter should be reversed so that the Bankruptcy Court can award sanctions as required by Section 362 of the Bankruptcy Code.

## CONCLUSION

Creditors' reliance on the Debtor's alleged failure to provide proof of insurance and the Waiver document is misplaced in that both issues are red herrings. Moreover, Judge Altenburg's findings that the Creditors testified untruthfully and more likely than not manufactured the Waiver document show that the creditors committed an affirmative act that violated the automatic stay, in addition to the violation of failing to turn over the Vehicle when served with notice of the bankruptcy.

For all of these reasons, this Court must reverse the Bankruptcy Court's Order and remand for an award of sanctions as required by the Bankruptcy Code.

Dated: February 12, 2018              Respectfully submitted,

*s/Ellen M. McDowell*
Ellen M. McDowell
McDowell Law, PC
46 West Main Street
Maple Shade, NJ  08052
(856) 482-5544

5